HAYDEN and others *against* NOTT and another.

Variance between the declaration and the proof, if not objected to, on the trial, is not a ground of setting aside the verdict.

It is a well settled rule, that if two or more defendants join in a plea, which is sufficient as to one, but not for the others, the plea is bad as to all; but this rule has reference only to pleas of justification, in which the facts charged, are necessarily confessed, and not to the general issue, which denies the facts.

Torts being in their nature several, the plea of *not guilty* to an action for a tort, though two or more join in it, is also several; and under such plea, the jury may find one of the defendants guilty, and the others not guilty.

Therefore, where two defendants, to an action against them for obstructing a water-course, pleaded jointly, *not guilty;* and the court instructed the jury, that if the obstructions complained of, were effected by one only of the defendants, yet as they had pleaded jointly, they might find a verdict against both; it was held, on a motion for a new trial, for a mis-direction, that the charge was incorrect, and a new trial must be granted, unless the plaintiff would consent to enter a *nolle* as to the innocent defendant, and pay him his costs.

THIS was an action on the case, brought by *Samuel M. Hayden, Ezra S. Mather* and others, against *Clark Nott* and *Harvey C. Sanford.*

The declaration contained two counts. In the first, the plaintiffs alleged, That on the 1st of *June,* 1826, they were, and ever since have been, lawfully possessed of a tract of land in *Saybrook,* containing about seven acres, and also of a certain saw mill, and grist mill, thereon standing; that the plaintiffs then had, and ever since have had, the right to the free course, and uninterrupted use of a certain stream of water, flowing through said land, to carry their said mills: and that the defendants, on the 1st of *June,* 1827, erected a dam, in and across said stream, more than six feet high, so as to obstruct the running of said stream of water, in its natural course, and to cause it to flow back on the land, and the water-wheels of the plaintiff s' mills, whereby they prevented the moving of said mills, for divers days and times, between the said 1st of

*Middlesex,*
*July, 1832.*

Hayden
*v.*
Nott.

*June,* 1827, and the commencement of this suit, and deprived the plaintiffs of the use and profits of said mills, &c.

The second count was substantially like the first, with the addition of the following averment: "And the defendants have, in like manner, wrongfully, and injuriously, ever since *continued* to maintain and keep up said dam, and to pond the water in said stream, and to cause the same to flow back upon said water-wheels of the plaintiffs, and have at all times ever since, in like manner, obstructed, and prevented the water in said stream from flowing freely from the plaintiffs' said water-wheels."

The writ was dated the 7th of *October,* 1830.

The cause was tried, on the general issue, at *Haddam, August* term, 1831, before *Bissell,* J.

The plaintiffs claimed to have proved, that the defendants jointly erected the dam complained of, in 1827 ; and that the obstructions were continued from that time to the date of the plaintiffs' writ. The defendants then proved, that *Ezra S. Mather,* one of the plaintiffs, did not become a joint proprietor with the other plaintiffs in the mills, until the 11th of *May,* 1830 ; and they claimed, that no recovery could be had for any injury done to these mills, before he so became a proprietor. This claim was not resisted, by the plaintiffs : and the judge charged the jury, that the plaintiffs could recover only for the continuance of the obstructions, from the 11th of *May,* 1830, to the date of the writ.

The defendants further proved, that *Clark Nott* first became a joint proprietor with *Sanford* of the place where the obstructions were erected, on the 9th of *June,* 1827 ; that he conveyed his interest therein to *Sanford's* wife, by a deed, dated and executed on the 4th of *December,* 1828, but not recorded until the 12th of *October,* 1830, five days after the commencement of the suit ; and that *Nott* had not interfered with the property on which the obstructions were erected, nor done any act relating thereto, after the date of his deed. Upon these facts, the defendants insisted, that no verdict could be found against either of them. The plaintiffs insisted, that as the defendants had pleaded *jointly,* if the jury should find, that *Sanford* had continued the obstructions after *Mather* had become a joint proprietor with the other plaintiffs, although *Nott*

did not own the property, and had done no act in relation thereto, they ought to find a verdict against both of the defendants, and if not against both, against *Sanford* alone. The judge charged the jury, that if they should find, that the obstructions had been continued by one only of the defendants, yet as they had pleaded jointly, and not severally, the jury might find a verdict against both defendants.

The jury accordingly returned a verdict against both defendants; and they moved for a new trial for a mis-direction.

*Sherman* and *Barnes*, in support of the motion, remarked, that the plaintiffs, by their own admission, can complain of no act of the defendants, prior to the 11th of *May*, 1830. Of course, the first count must be laid aside, because it alleges an injury produced by *erecting* a nuisance, and not an injury occasioned by *continuing* a nuisance already erected. The second count charges the defendants with erecting *and continuing* the obstructions. As these were erected previous to any legal interest in *Mather*, the plaintiffs, if entitled to recover any damages, must recover them, simply on the ground, that the defendants *continued* the nuisance *on their own land*, after the commencement of *Mather's* legal interest.

The defendants' counsel then contended, 1. That there is a fatal variance between the allegation, that the defendants owned the land on which the nuisance was made, and the proof of ownership; the proof being, that *Nott* had no interest in the land, and no agency or concern whatever in continuing the nuisance. 2 *Stark. Ev.* 349. *&amp; seq.* The allegation of joint ownership, is a *descriptive* allegation, which cannot be rejected. 3 *Stark. Ev.* 1529. 1531. 1532. 1541. 1542. *&amp; seq.*

2. That the judge ought to have instructed the jury, that they might find a verdict against *Sanford* alone, and not against *Nott.* It is a general rule, that in actions of *tort*, one defendant may be acquitted, and another found guilty; and the reason assigned is, that torts are several in their nature. 2 *Stark. Ev.* 355. 1 *Chitt. Plead.* 74. In trespass, or other action, for a wrong, against several defendants, the plaintiff may, at any time before final judgment, enter a *nolle prosequi* as to one defendant, and proceed against the others. 1 *Tidd's Pract.* 632. 1 *Wils.* 306. In trespass against several defendants, *who join in pleading*, if the jury find them all joint-

ly guilty, they cannot assess several damages, but they may find some of them guilty, and acquit others.    2 *Tidd's Pract.* 805.    13 *Petersd. Abr.* 425.

*Storrs* and *Ingham,* contra, insisted, 1.    That when two or more defendants plead jointly, they thereby consent to unite themselves together as *one* person, making the act of one the act of all.    Proof, therefore, of the guilt of one, is proof of the guilt of all.    They voluntarily consent to put themselves on the same terms. 1 *Chitt. Plead.* 480. 483.    1 *Saund.* 28. n. 2 *Philips* v. *Biron* & al. 1 *Stra.* 509.    *Smith* v. *Bouchier* & al. 2 *Stra.* 994.    *Middleton* v. *Price,* 2 *Stra.* 1184.    *Duffield* v. *Scott,* 3 *Term Rep.* 376, 7. per *Buller,* J.    *Gould* v. *Spencer,* 2 *Caines,* 108.

2.    That at any rate, a new trial cannot be granted in favour of the defendant, rightfully convicted.

BISSELL, J.  On the trial of this cause, in the court below, it was conceded, upon the facts disclosed in the evidence, that no recovery could be had upon the first count : and that the plaintiffs were, only, entitled to recover *for a continuance* of the obstructions, as set forth in the second count in their declaration.

It is now insisted, that as the plaintiffs have, in this count, charged the defendants with continuing these obstructions, *on their own land ;* and as it was proved, on the trial, that during such continuance, *Clark Nott,* one of the defendants, had no interest in the land, and no agency in continuing the obstructions ; the jury ought to have been charged, that there was a fatal variance between the allegations and the proof.

Whatever force we might be disposed to allow to this objection, if it had been raised in the court below ; yet as it was not raised there, it cannot now be urged ; much less can we suffer it to prevail.

To permit this, would be, to contravene the plainest principles of justice, and, directly, to abrogate a long established rule of this court.

The defendants joined in the plea of *not guilty ;* and the jury were charged, that if they should find, that the defendants jointly continued the obstructions ; or that they had been con-

tinued, by one only of the defendants; yet as they had pleaded jointly, and not severally, they might find a verdict against both.

The charge was, manifestly, wrong. The rule is, indeed, well settled, that if two defendants join in a plea, which is sufficient as to one, but not for the other, the plea is bad as to both. And the reason assigned is, that the court cannot sever it, and say that one is guilty, and the other not, when they both put themselves on the same terms. 1 *Chitt. Plead.* 545. 1 *Saund.* 28. n. 2. *Duffield* v. *Scott,* & al. 3 *Term Rep.* 374. 376.

The rule, however, has reference only to pleas of justification, in which the facts charged are necessarily confessed; and was, in the hurry of the trial, mistakenly applied to a case, to which it clearly has no application.

The general issue denies all the facts stated in the declaration. And as torts are, in their nature, several, the plea of *not guilty,* is also several. The jury ought to have been instructed, that under it, they might find one of the defendants *guilty,* and the other *not guilty.* In regard to *Sanford,* one of the defendants, as it was admitted, that if the obstructions were continued at all, they were continued by him, he has no ground to complain, either of the charge, or the verdict. There must, however, be a new trial, unless the plaintiffs will consent to enter a *nolle* as to *Nott,* the other defendant, and pay him his costs. Should they do this, the cause will not be sent down to another trial; otherwise, the rule must be made absolute.

The other Judges were of the same opinion.

New trial to be granted, *nisi.*